# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| ED BUTOWSKY ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:18-cv-442-ALM-CMC |
| DAVID FOLKENFLIK et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wigdor LLP
c/o Douglas H. Wigdor, 85 5th Avenue, Floor 5, New York, New York 10003

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED

| Place: Dealy, Silberstein & Braverman, LLP<br>225 Broadway, Suite 1405<br>New York, New York 10007 | Date and Time:<br>08/23/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/24/2019

*CLERK OF COURT*

OR  _/s/ signature_

_Signature of Clerk or Deputy Clerk_       _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Ed Butowsky, who issues or requests this subpoena, are:

Steven S. Biss, 300 West Main St., Suite 102, Charlottesville, VA 22903 (stevenbiss@earthlink.net, 804-501-8272)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:18-cv-442-ALM-CMC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **ATTACHMENT TO SUBPOENA**

### **DEFINITIONS AND INSTRUCTIONS**

1.      The term "document" shall mean and include all written and graphic matter of every kind and description, whether written or produced or transmitted by computer, typewriter, printer, photocopier or other machine or by hand, whether in printed form or on computer disk, and whether in the actual or constructive possession, custody or control of you, including, without limitation, any and all files, records, disks, emails, text messages, instant messages, iMessages, letters, correspondence, memoranda, notes, statements, transcripts, workpapers, sound recordings, cds, dvds, videotapes, charts, reports, books, ledgers, registers, books of account, account statements, financial statements, checks, check stubs, deposit receipts, and any other written or graphic record of any kind, whether or not such documents are claimed to be privileged from discovery on any ground.

2.      "You" and "your" shall mean the person or entity to whom/which this request or subpoena is directed, including his, her, their or its agents, representatives, employees, attorneys, experts, investigators, insurers or anyone acting on behalf of the foregoing.

3.      "Person" or "person" means any individual, sole proprietorship, partnership (general or limited), limited liability company, limited liability partnership, corporation, association, trust or other entity.

4.      "Relating to" means to refer to, reflect, pertain to, or in any manner be connected with the matter discussed.

1

5.  "Butowsky" means Plaintiff, Ed Butowsky, including any agent, representative or employee of Butowsky.

6.  "Folkenflik" means Defendant, David Folkenflik, including any agent, representative or employee of Folkenflik.

7.  "NPR" means Defendant, National Public Radio, Inc., including any attorney, officer, director, manager, member, shareholder, editor, publisher, agent, representative or employee of NPR.

8.  "Wigdor" means the law firm, Wigdor LLP, and/or Douglas H. Wigdor, including any partner, associate, paralegal, legal assistant, secretary, agent, representative or employee of Wigdor.

9.  "Wheeler" means Rod Wheeler, including any agent, representative or employee of Wheeler.

10. "Fox News" means Fox News Network, LLC, including any attorney, agent, representative or employee of Fox News.

Continued on Next Page

# DOCUMENTS TO BE PRODUCED

THIS SUBPOENA SEEKS DOCUMENTS THAT MENTION BUTOWSKY OR FOX NEWS OR THAT ARE OF AND CONCERNING BUTOWSKY OR FOX NEWS.

THE RELEVANT PERIOD FOR EACH REQUEST IS MAY 1, 2017 THROUGH THE PRESENT.

1. All documents that constitute, evidence or reflect communications by and between Wigdor and Folkenflik.

2. Notes, memoranda and records of conversations between Wigdor and Folkenflik.

3. All documents transmitted, delivered or otherwise provided to Folkenflik or NPR.

4. All comments, posts, tweets, retweets, replies, blogs, or statements made or published by Wigdor.

5. All emails and text messages authored by Butowsky.

6. All emails and text messages authored by Malia Zimmerman.

7. All documents that constitute, evidence or reflect communications by and between Wheeler and Folkenflik.

8. All documents that constitute, evidence or reflect communications by and between Wheeler and Butowsky.

3

9.  All documents that constitute, evidence or reflect communications by and between Wheeler and Malia Zimmerman.

10. All documents that constitute, evidence or reflect communications by and between Wheeler and Aaron Rich.

11. All documents that constitute, evidence or reflect communications by and between Wheeler and Joel or Mary Rich.

12. All documents that constitute, evidence or reflect communications by and between Wigdor and Aaron Rich (or any legal counsel for Aaron Rich).

13. All documents that constitute, evidence or reflect communications by and between Wigdor and Joel or Mary Rich (or any legal counsel for Joel or Mary Rich).

14. All documents that constitute, evidence or reflect communications by and between Wigdor and Fox News, excluding only pleadings and papers filed in the case *Wheeler v. Twenty-First Century Fox, Inc. et al.*, Case 1:17-cv-05807-GBD (S.D.N.Y.).

15. All documents that constitute, evidence or reflect communications by and between Wigdor and MSNBC (including any reporter, analyst, producer, agent or employee of MSNBC).

16. All documents that constitute, evidence or reflect communications by and between Wigdor and CNN (including any reporter, analyst, producer, agent or employee of CNN).

17. All documents that constitute, evidence or reflect communications by and between Wigdor and Ofcom (including any member, regulator, officer, agent, representative or employee of Ofcom).

18. All documents that constitute, evidence or reflect communications by and between Wigdor and The New York Times Company (including any reporter, analyst, producer, agent or employee of The New York Times Company).

19. All documents that constitute, evidence or reflect communications by and between Wigdor and Bloomberg Businessweek (including any reporter, analyst, producer, agent or employee of Bloomberg Businessweek).

20. All documents that constitute, evidence or reflect communications by and between Wigdor and CNBC (including any reporter, analyst, producer, agent or employee of CNBC).