# EXHIBIT 4

**CONFIDENTIAL AGREEMENT & MUTUAL RELEASE**

This Confidential Agreement (the "Agreement"), dated and effective this 1st day of August, 2018 (the "Effective Date"), is made by and between, on the one hand, Ed Butowsky ("Butowsky") and, on the other hand, Twenty-First Century Fox, Inc. ("21CF") and Fox News Network, LLC ("FNN"), on behalf of themselves and each of their respective parents, affiliates, subsidiaries, and divisions (21CF and FNN, together, the "Company") (Butowksy and the Company collectively, the "Parties", and each individually, a "Party").

**WHEREAS**, on or about August 1, 2017, Rodney Wheeler ("Wheeler") commenced an action against 21CF, FNN, Malia Zimmerman ("Zimmerman"), and Butowksy in the United States District Court for the Southern District of New York, bearing the caption *Rod Wheeler v. Twenty-First Century Fox, Inc., et al.*, Civil Action No. 1:17-cv-05807 (S.D.N.Y.) (the "Wheeler Litigation"); and

**WHEREAS**, on or about March 13, 2018, Joel and Mary Rich commenced an action against FNN, Zimmerman, and Butowksy in the United States District Court for the Southern District of New York, bearing the caption *Joel Rich and Mary Rich v. Fox News Network LLC, et al.*, Civil Action No. 1:18-cv-02223 (the "Rich Litigation"; together with the Wheeler Litigation, the "Actions").

**NOW, THEREFORE**, in consideration of the foregoing and of the material covenants and agreements of the Parties contained herein, the receipt and sufficiency of which is acknowledged by the undersigned, it is hereby agreed by and between the Parties as follows:

1. **Consideration**. 

2. 

1



**3.**

4. **No Actions.** Butowsky, on behalf of himself and his issue, heirs, representatives, successors, agents, attorneys, executors, administrators and assigns, hereby covenants and represents that, to the fullest extent permitted by law, Butowsky has not instituted, and will not

institute, any complaints, claims, charges, actions, proceedings, or lawsuits with any governmental agency or any court or other tribunal against the Released Parties of any kind by reason of any claim present or future, known or unknown, including but not limited to those claims arising directly or indirectly out of, involving, or in any way related to the Actions or the facts and circumstances leading up to the Actions, and has not instituted and will not institute, any complaints, claims, charges, actions, proceedings, or lawsuits with any governmental agency or any court or other tribunal against any of the parties in the Actions or their respective attorneys, respective predecessors, successors, assigns, officers, managers, directors, employees, representative, agents, and affiliates, including but not limited to the Released Parties, that arise directly or indirectly out of, involve, or in any way relate to the Actions or the facts and circumstances leading up to the Actions; <u>provided, however</u>, that nothing set forth herein shall preclude Butowsky from bringing any joinder claims against Wheeler personally in the Rich Litigation, nor from continuing to pursue his motion for sanctions in the Wheeler Litigation. Any breach or threatened breach of this Paragraph by Butowsky shall be deemed a material breach of this Agreement.

5. ███████████████████████████████████████

6. ███████████████████████████████████████



7. ███████████████████████████████████████

**8.** 

**9.**

**10.**

**11.**

12. **Governing Law and Interpretation.** This Agreement, and all claims of whatever kind arising out of or relating to it, will be governed by and construed in accordance with the laws of the State of New York, without regard to principles of conflicts of laws.

**13.**

**14.**

4



**15.     Severability.**  Should any provision of this Agreement be declared illegal, invalid, overbroad, or unenforceable by a court of competent jurisdiction, which provision cannot be modified or reformed to be enforceable, excluding the release language set forth in Paragraph 2 above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

**16.     Amendment.**  This Agreement may not be amended, modified, altered or changed except upon express written consent of and signed by all Parties wherein specific reference is made to this Agreement.

**17.** 

18. <u>Waiver.</u> A waiver by any Party of a breach of any provision of this Agreement by any other Party shall not operate or be construed as a waiver or estoppel of any subsequent breach by that Party. No waiver shall be valid unless in writing and signed by all Parties.

19. <u>Successors and Assigns.</u> This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, successors and assigns.

20. <u>Paragraph Headings.</u> The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

21. ██████████████████████████████████████████

22. <u>Counterparts, Electronic and Facsimile Signatures.</u> The Parties may execute this Agreement on separate counterparts, all of which taken together shall constitute the Agreement. Electronic or facsimile signatures will be treated as originals for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date indicated below their respective signatures.



Ed Butowsky
Date: ██ / ██ / 2018

██████████████████████