

**LOEB&**
**LOEB**LLP

**MICHAEL P. ZWEIG**
Partner

345 Park Avenue
New York, NY  10154

**Direct**  212.407.4960
**Main**   212.407.4000
**Fax**    212.208.2582
mzweig@loeb.com

October 17, 2019

Via E-Filing

The motion to quash (Doc. 1) is GRANTED
without opposition.
   The clerk shall terminate the motion and close
the case.
   SO ORDERED.

*P. Kevin Castel*

P. Kevin Castel
United States District Judge
11/12/2019

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States
    Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Butowsky v. Folkenflik*; SDNY Index No. 19-mc-446 (PKC)
        Notice of Non-Opposition to Motion to Quash Subpoena

Dear Judge Castel:

We represent non-party Wigdor LLP ("Wigdor") in the above-referenced proceeding.   On
September 30, 2019, Wigdor initiated this miscellaneous proceeding by motion seeking the
entry of an Order quashing a non-party document subpoena issued by counsel for  Ed
Butowsky to Wigdor in connection with the civil action currently pending before the United
States District Court for the Eastern District of Texas entitled *Butowsky v. Folkenflik* (Index No.
18 Civ. 442 (ALM)(CMC) (E.D. Tex.)).  As no opposition to the motion to quash has been timely
filed, Wigdor respectfully requests that the motion be granted for the reasons stated in Wigdor's
moving papers, that the subpoena for documents be quashed in its entirety, and that Wigdor be
awarded its reasonable costs and expenses incurred.

As set forth above, Wigdor's motion to quash was filed on September 30, 2019.  On that day,
we e-mailed a copy of Wigdor's moving papers to counsel for the issuing party, Steven Biss,
Esq.  *See* Exhibit A hereto.  Receiving no acknowledgment to these e-mails, we separately
served the motion to quash by overnight mail, which delivery was completed on October 3,
2019.  *See* Exhibit B hereto; *see also* Local Civil Rule 5.3.  No timely opposition to the motion
has been filed (*see* Local Civil Rule 6.1(a)).  Accordingly, Wigdor respectfully requests that the
non-party subpoena issued to Wigdor (seeking, primarily, the production of privileged materials
from a law firm) be quashed in its entirety, and that Wigdor be awarded its costs and expenses
incurred in moving for such relief.

Respectfully submitted,

Michael P. Zweig

cc:     Steven Biss, Esq. (via e-mail w/ exhs.)

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

A limited liability partnership including professional corporations